**FILED**

SEP 2 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ONE LOVE KOREAN PRESBYTERIAN CHURCH., an Illinois religious organization, and TAEK GIL JEONG, <br><br>      Plaintiffs, <br><br>     vs. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, an agency of the United States government, <br><br>      Defendant | Case No.: <br><br> COMPLAINT <br><br><br> CASE NUMBER  1:05CV01914 <br><br> JUDGE: Rosemary M. Collyer <br><br> DECK TYPE: Administrative Agency Review <br> DATE STAMP: 09/28/2005 |

COMPLAINT

1.  This is an action brought pursuant to section 10b of the Administrative Procedures Act, 5 U.S.C § 702, seeking review of a decision of the Nebraska Service Center ("NSC") Director of the United States Citizenship and Immigration Services (formerly U.S. Immigration and

COMPLAINT - 1

Michael E. Piston, P.C.
4000 Livernois Ste 110
Troy, MI 48098
(248)524-1936

1  Naturalization Service) dated March 22, 2005, denying ONE LOVE KOREAN

2  PRESBYTERIAN CHURCH (the "Church")'s nonimmigrant visa petition to classify TAEK

3  GIL JEONG as a religious worker and denying TAEK GIL JEONG's application to change

4  his nonimmigrant status to religious worker (R-1) under section 101(a)(15)(R) of the

5  Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(R).

6  2. The defendant, United States Citizenship and Immigration Services (the "USCIS"), is an

7     agency of the United States government residing in the District of Columbia.

8  3. The Church is located in the St. Louis, Missouri, and is a resident of the State of Missouri.

9  4. The plaintiff Church has been active since 1992 and currently has approximately 100

10    congregants.

11 5. The plaintiff Church has been determined to be tax exempt under the provisions of Section

12    501(c)(3) of the Internal Revenue Code.

13 6. The plaintiff TAEK GIL JEONG, is a citizen of the Republic of Korea, who was initially a

14    admitted to the United States as a visitor for pleasure (B-2), thereafter changed his

15    nonimmigrant status to treaty investor, and is currently resident in the state of Missouri.

16 7. Mr. Jeong is and has been a dedicated religious worker for the past 20 years working for

17    Presbyterian churches both in South Korea and the United States.  Mr. Jeong has been a

18    professor at Corea Christian Music College and conductor of several famous Presbyterian

19    churches in Korea.

20 8. Mr. Jeong had been a member of the plaintiff Church for over two years at the time of the

21    filing of this application.

22

23

24

25

COMPLAINT - 2

Michael E. Piston, P.C.
4000 Livernois Ste 110
Troy, MI 48098
(248)524-1936

## JURISDICTION

9. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., and the Administrative Procedures Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this court by 28 U.S.C. § 1331, as well as 28 U.S.C. § 1346(a)(2).

## VENUE

10. Pursuant to 28 U.S.C. § 1391(e), venue is proper in the District of Colombia, the residence of defendant.

## EXHAUSTION

11. 8 C.F.R. § 248.3(g) provides that there is no appeal of the denial of an application for change of nonimmigrant status, so the plaintiffs have no administrative remedies here to exhaust.

## APPLICABLE LAW

12. The term "nonimmigrant alien" is defined in 8 U.S.C. § 1101(a)(15) to include:

"(R) an alien, and the spouse and children of the alien if accompanying or following to join the alien, who—

(i) for the 2 years immediately preceding the time of application for admission, has been a member of a religious denomination having a bone fide nonprofit, religious organization in the United States; and

(ii) seeks to enter the United States for a period not to exceed 5 years to perform the work described in subclause (I), (II), or (III) of paragraph (27)(C)(ii) (8 U.S.C. § 1101(a)(27)(C)(ii)).

COMPLAINT - 3

Michael E. Piston, P.C.
4000 Livernois Ste 110
Troy, MI 48098
(248)524-1936

1

2

3   13. Regulations at 8 U.S.C. § 1101(a)(27) provides in part that:

4           The term "special immigrant" means— ...
            (C) an immigrant, and the immigrant's spouse and children if
5           accompanying or following to join the immigrant, who—
            (i) for at least 2 years immediately preceding the time of
6           application for admission, has been a member of a religious
            denomination having a bona fide nonprofit, religious organization
7           in the United States;
            (ii) seeks to enter the United States—
8           (I) solely for the purpose of carrying on the vocation of a minister
            of that religious denomination,
9           (II) before October 1, 2008, in order to work for the organization at
10          the request of the organization in a professional capacity in a
            religious vocation or occupation, or
11          (III) before October 1, 2008, in order to work for the organization
            (or for a bona fide organization which is affiliated with the
12          religious denomination and is exempt from taxation as an
            organization described in section 501(c)(3) of the Internal Revenue
13          Code of 1986 ) at the request of the organization in a religious
            vocation or occupation.
14

15  14. Regulations at 8 C.F.R. § 214.2(r)(2)  defines religious occupation as;

16      "an activity which relates to a traditional religious function. Examples of persons in religious
        occupations include, but are not limited to, liturgical workers, religious instructors, religious
17      conselors (sic), cantors, catechists, workers in religious hospitals or religious health care
        facilities, missionaries, religious translators, or religious broadcasters. This group does not
18      include janitors, maintenance workers, clerks, fund raisers, or persons involved solely in the
        solicitation of donations." (emphasis added).
19

20                              **NARRATIVE OF EVENTS**

21  15. On December 30, 2004, plaintiff Church filed a petition for nonimmigrant worker, form I-129,

22  with the defendant USCIS to change Mr. Jeong's nonimmigrant classification in the United

23  States to that of a nonimmigrant alien  under section 101(a)(15)(R) of the Immigration and

24  Nationality Act, 8 U.S.C. § 1101(a)(15)(R).

25

COMPLAINT - 4                               Michael E. Piston, P.C.
                                            4000 Livernois Ste 110
                                            Troy, MI 48098
                                            (248)524-1936

16. Submitted in support of that application was, among other things, an offer of employment to Mr. Jeong to be temporarily employed by the Church on a full-time basis in the United States as a Music Evangelist:

17. His duties in this position would be as follows:

    A. Assist pastor with daily morning prayer service.

    B. Church choir conductor.

    C. Youth and college age groups choir and praising team.

    D. Teach bible classes and disciple class.

    E. Visiting church members at business and home

    F. Church administrative works

    G. Assist pastor during Friday night service and Wednesday evening service.

18. The position offered Mr. Jeong is a traditional religious function in that it combines duties traditionally performed by, liturgical workers, religious instructors, religious counselors, cantors and catechists.

19. Nevertheless, on March 22, 2005, the Director of the defendant USCIS's Nebraska Service Center denied the Church's petition on Mr. Jeong's behalf on the grounds that the position offered him was not a religious occupation.

20. The decision "interprets the term 'traditional religious function' to require a demonstration that the duties of the position are directly related to the religious creed of the denomination, that specific prescribed religious training or theological education is required, that the position is defined and recognized by the governing body of the denomination, and that the position is traditionally a permanent, full-time, salaried occupation within the denomination,"

COMPLAINT - 5

Michael E. Piston, P.C.
4000 Livernois Ste 110
Troy, MI 48098
(248)524-1936

1

2  21. The decision observed that the job offered Mr. Jeong did not meet this criteria because "the

3      evidence of the record does not provide that the Presbyterian Church recognizes the position

4      of Music Evangelist as a traditional religious occupation. The duties appear to be secular,

5      which is further evidenced by the fact that the beneficiary has been performing them on a

6      volunteer basis."

7  22. Consequently, the Director concluded that Mr. Jeong was not being offered a job in a

8      religious occupation and so denied the Church's Petition for Nonimmigrant Worker (form I-

9      129) upon Mr. Jeong's behalf.

10

11                    **Count I – Error of Law, 5 U.S.C. §706(2)(A)**

12  23. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 20

13      as if fully set forth herein.

14  24. Under U.S.C. § 706 provides in material part that:

15      "The reviewing court shall—

16      (2) hold unlawful and set aside agency action, findings, and conclusions found to be—

17      arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. ..."

18  25. The defendant's decision denying the Church's petition on the grounds that Mr. Jeong was

19      not offered employment as a religious worker is not in accordance with the law in that the

20      position offered Mr. Jeong is a traditional religious function in that it combines duties

21      traditionally performed by , liturgical workers, religious instructors, religious counselors,

22      cantors and catechists.

23

24

25

COMPLAINT - 6

Michael E. Piston, P.C.
4000 Livernois Ste 110
Troy, MI 48098
(248)524-1936

26. The defendant's decision was also not in accordance with the law in that its finding that a traditional religious function must necessarily be monopolized by a cadre of full time paid professional workers, is manifestly inconsistent with the plain meaning of the phrase "traditional religious function".

27. In fact, there are innumerable individuals working in virtually every major religion as liturgical workers, religious instructors, religious counselors, cantors and catechists without pay and without special training.

28. Further, the decision erred in concluding that the position offered was secular in nature on no other grounds other than that they were currently being filled by Mr. Jeong on a volunteer basis, a consideration which is logically unrelated to the question of whether this position is secular or religious.

29. Accordingly, the defendant's decision denying the plaintiff Church's petition for nonimmigrant worker upon behalf of the Mr. Jeong to work as Music Evangelist and Mr. Jeong's change of nonimmigrant status to perform that function, was not in accordance with the law, and so contrary to 5  U.S.C. § 706(2)(A).

## Count II - Violation of the APA, 5 U.S.C. § 553

30. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31. Under 5 U.S.C. § 551, a "rule" is defined in part as:

the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency ....

COMPLAINT - 7

Michael E. Piston, P.C.
4000 Livernois Ste 110
Troy, MI 48098
(248)524-1936

32. The defendant has previously applied the four-part test of what constitutes a "traditional religious function" in this decision in a number of released AAO decisions available on the defendant's web site.

33. By creating and applying this four-part "traditional religious function" test to petitions and applications for change of nonimmigration state to religious worker under 8 U.S.C. §1101(a)(15)(R), the defendant has unlawfully adopted a rule without complying with the rule-making procedure required under the APA, 5 U.S.C. § 553.

**Request for Relief**

34. Plaintiffs respectfully requests that the Court enter an order:

(a) Vacating the decision of the defendant's NSC Director dating March 22, 2005 denying the plaintiff Church's petition for nonimmigrant worker upon behalf of Mr. Jeong, and plaintiff Jeong's application for change of nonimmigrant status;

(b) Ordering the defendant to approve plaintiff Church's petition for nonimmigrant worker upon behalf of Mr. Jeong, and plaintiff's Jeong's application for change of nonimmigrant status;

(c) Declaring that the Defendant's creation and application of its four-part "traditional religious function" test to the Church's nonimmigrant visa petition on behalf of Mr. Jeong is unlawful pursuant to the APA, 5 U.S.C. §§ 706 and 553,

(d) Barring the defendant from denying any other petitions upon the same basis, and

(e) Ordering the defendant to hereafter interpret the phrase "traditional religious function" in a manner consistent with its plain language in the adjudication of all further immigration benefits for any petitioner or applicant anywhere in the country at times hereafter.

COMPLAINT - 8

Michael E. Piston, P.C.
4000 Livernois Ste 110
Troy, MI 48098
(248)524-1936

Respectfully submitted this 22nd day of September 2005.

Michael E. Piston
Michael E. Piston, P.C.

4000 Livernois Ste 110
Troy, MI 48098
Phone: 248-524-1936
Fax: 248-928-0340
e-mail: michael@piston.net

COMPLAINT - 9